lml

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-40028-JAR |
| ) | |
| ROBERT S. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER DENYING APPEAL OF ORDER OF DETENTION AND
DETAINING DEFENDANT**

This matter comes before the Court on defendant's Appeal of Order of Detention (Doc. 8) entered by the Honorable K. Gary Sebelius, United States Magistrate Judge, on May 23, 2007, determining that there are no conditions or a combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

The Court held an evidentiary hearing on June 11, 2007. Defendant Robert S. Williams appeared in person and through counsel, Ronald E. Wurtz, Assistant Federal Public Defender. The government appeared by Assistant United States Attorney Randy Hendershot. At the conclusion of the hearing, the Court took the matter under advisement. The Court has now reviewed the Pretrial Services Report and is ready to rule. For the reasons set forth in detail below, the Court denies defendant's motion and affirms the order of detention.

*Background*

On April 18, 2007, defendant was charged in a two-count Indictment with possession of ammunition and possession of a firearm, both after having previously been convicted of three

felonies. Two of the previous charges were for eluding police officers and one charge was for possession with intent to sell narcotics. Defendant was released on parole on January 6, 2006. A warrant was issued on January 26, 2007, for alleged parole violations. When defendant reported to his parole officer, he was arrested and a search of his person found five bullets. Defendant waived all of his rights and cooperated with the police in recovering the firearm connected to the bullets. The gun belongs to defendant's stepfather. Defendant told authorities that he needed the gun for protection, as he had been involved in disputes on the street. According to the police report, defendant's car had many bullet holes.

Defendant was returned to the custody of the Kansas Department of Corrections as a parole violator on February 1, 2007, and was again released on May 17, 2007. He remains on parole for this offense.

*Applicable Law*

Under 18 U.S.C. § 3145(b), a person, who has been ordered detained by a magistrate judge, may file a motion for revocation or amendment of that order. The statute requires the court to determine the motion promptly. This Court's review of the magistrate judge's decision to release defendant pending trial is *de novo*.[1] A district court must "make its own determination if pretrial detention is proper or set conditions of release" and "ultimately decide the propriety of detention without deference to the magistrate judge's conclusion."[2] *De novo* review does not

---

[1] *Gee v. Estes*, 829 F.2d 1005, 1008 (10th Cir. 1987) (citation omitted).

[2] *United States v. McNeal*, 960 F. Supp. 245, 246 (D. Kan. 1997) (citing *United States v. Carlos*, 777 F. Supp. 858, 859 (D. Kan. 1991); *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987)).

require a *de novo* evidentiary hearing.[3]

Under the Bail Reform Act of 1984, the court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[4]  Before a court may revoke a defendant's release, it must find: "(1) that there is probable cause that the defendant committed a crime while on release or clear and convincing evidence that the defendant violated any other condition of release; and (2) that either no condition or combination of conditions will assure that the defendant will not pose a danger to any other person or the community or that the defendant is unlikely to abide by any condition or combination of conditions [of] release."[5]

In determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community, the judicial officer must consider the factors found in 18 U.S.C. § 3142(g).  Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[6]

The Bail Reform Act, specifically 18 U.S.C. § 3142(f)(1), recognizes a rebuttable

---

[3]*Untied States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

[4]*See* 18 U.S.C. § 3142(b), (c) and (e).

[5]*McNeal*, 960 F. Supp. at 246–47 (citing *United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990)).

[6]18 U.S.C. § 3142(g).

presumption of risk of flight or danger to the community upon a finding that the crime charged in the present case is "a crime of violence." The presumption operates as follows:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk of flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[7]

Count two of the Indictment charges defendant with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The Tenth Circuit recently held that being a felon in possession of a firearm is not a crime of violence within the meaning of the Bail Reform Act.[8]

***Discussion***

This ruling relies on the evidence that was introduced at the initial detention hearing before the magistrate judge, including the Pretrial Services Report, and on the evidence admitted at the detention hearing conducted by this Court. This ruling further considers the parties' positions and arguments advanced both before the magistrate judge and this Court.

The Court will analyze the § 3142(g) factors in determining whether the government has carried its burden of proving that no condition or combination of conditions will reasonably assure the appearance of defendant as required or the safety of the community and others.

- **Nature and Circumstances of the Offense**

When defendant was arrested for a parole violation, five bullets were found on his person. Defendant later led police to the firearm associated with the bullets, a Smith and Wesson

---

[7]*United States v. Stricklin*, 932 F.2d 1353, 1354-44 (10th Cir. 1991) (citations omitted).

[8]*United States v. Ingle*, 454 F.3d 1082, 1086 (10th Cir. 2006).

semi-automatic 9 mm. pistol.  Although the felon in possession charge is not a crime of violence invoking the presumption, it does involve a firearm and possession of ammunition for the firearm.  The government proffered that defendant's stated reason for having the gun was that "people were shooting at him," and that officers observed that his car had numerous bullet holes.  These circumstances are violent in nature.  This factor favors detention.

- **Weight of the Evidence**

The government did not offer any evidence of this factor, nor did the defendant raise any question about this factor.  The Court does not consider this factor to weigh strongly for or against detention.

- **History and Characteristics of Defendant**

Defendant is a 27-year old man with a lengthy juvenile and adult criminal history involving numerous arrests for controlled substance and firearm offenses and felony convictions for eluding officers and possession with intent to sell narcotics.  Defendant has a poor employment history and no apparent financial resources to support himself lawfully.  Although he has family ties to the community, they appear to have had little effect upon him.  Defendant has a history of abusing drugs and alcohol, including marijuana and "wet."  Defendant has violated conditions of parole imposed by state court and has fled law enforcement in the past.

Defendant's promise to appear before this Court and to abide by all imposed conditions of pretrial release is belied by his own conduct by violating conditions of parole set in his state court proceedings.  Defendant was on parole when he allegedly committed the instant firearm offense.  His record as a juvenile and adult includes repeated arrests for unlawful possession of controlled substances and firearms.  Defendant has two convictions for fleeing or eluding an

officer. Within this context, defendant's proffer is not credible evidence.

Defendant promises to find employment if released. Defendant is 27 years old, is single, and reports two dependents. He owes child support arrearage of approximately $5000.00. He was incarcerated for several years and released in January 2006. He gave no permanent address for the last year. Defendant's resolve to seek employment and to maintain an address in his mother's house is different from what he has done for the last year and from his employment history consisting of two jobs held for four and three months, respectively.

Finally, defendant's mother has proffered her willingness to serve as his third-party custodian. It is apparent to the Court that defendant's mother could not keep him from violating conditions of parole in the state court matters and that defendant's currently proffered conditions differ in no material respects from the conditions imposed by his state Parole Officer, which he failed. Defendant's proffer does not provide any credible evidence that any of his family members could assert any appreciable control, either physical or emotional, over defendant or his actions. Defendant's proffer fails to convince the Court that there are conditions that will reasonably assure his appearance as required and the safety of the community.

These circumstances and the proffered evidence supporting them strongly favor detention.

- **Nature and Seriousness of Danger to Any Other Person or the Community**

The Court believes defendant's pattern of criminal conduct emerging from his record of convictions and arrests creates a real threat of continued involvement in activities related to drug trafficking and possible violence to others or himself. Indeed, defendant's stated reason for having the gun was that "people were shooting at him," and that officers observed that his car

had numerous bullet holes.  There is nothing in the record from which the Court can find assurance that defendant would abandon his criminal activities and lifestyle and support himself through lawful and gainful employment.  This factor strongly supports detention.

*Conclusion*

The Court has no confidence that defendant's proposed conditions of release, including electronic monitoring, would meet the important concerns of the danger the defendant poses to the community and others and the risk of him not appearing as required.  Based on its *de novo* review of the record and arguments submitted, the Court finds that a preponderance of the evidence shows there is a serious risk defendant will flee and that clear and convincing evidence establishes there are no set of conditions of release that will assure the safety of others or the community.  After careful consideration of all matters within the framework required by the Bail Reform Act, the Court concludes that the government has carried its burden of proving that pretrial detention is warranted in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's appeal of the order of detention (Doc. 8) is overruled and denied, and the detention order entered by the magistrate judge is AFFIRMED.  Defendant Robert S. Williams is committed to the custody of the United States Marshal pending trial of this matter.

IT IS SO ORDERED.

Dated this 14th day of June 2007.

                                      S/ Julie A. Robinson
                                      Julie A. Robinson
                                      United States District Judge